NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5063

TERESA JANE TAYLOR,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Teresa J. Taylor, of Wooster, Ohio, pro se.

Meredyth D. Cohen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Margaret M. Sweeney

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5063

TERESA JANE TAYLOR,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant- Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-025,
Judge Margaret M. Sweeney.

———————————————

DECIDED: October 8, 2008

———————————————

Before BRYSON, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Teresa Jane Taylor appeals from a decision of the Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. Because Ms. Taylor's complaint did not allege a claim against the United States and because her complaint only alleged tort claims, we <u>affirm</u>.

BACKGROUND

Ms. Taylor filed a complaint in the Court of Federal Claims alleging that her "rights ha[d] been violated by Federal, County, and State employees who had the duty by law to protect the plaintiff's life and well being, yet grossly, and willfully neglected their position of duty to the plaintiff." Citing the Bill of Rights, the Thirteenth and Fourteenth Amendments to the Constitution, the International Declaration of Human Rights, and several statutory provisions, Ms. Taylor requested one billion dollars in damages based on the "gross neglect of duty" by "the Allen County Childrens Services Agency, the Allen County Juvenile Court, the Lima City Police Dept., [and] the Allen County Sheriffs Dept." Her claims for damages were based on alleged sexual abuse by officials at the Allen County Sheriff's Department and an alleged failure of the Allen County Children's Services Agency and the State of Ohio to provide adequate medical care and shelter. Ms. Taylor further requested "clearing of records, including the marriage dated 1991, federal criminal prosecution for all parties involved, immunity for her parents because of their ages and because of their physical and medical and mental health, federal permission to seek dual citizenship in a neutral country for both the plaintiff and all minor children, and all movie, book, and story rights."

The trial court dismissed her claims for lack of subject matter jurisdiction on three grounds. First, the court held that the Tucker Act did not provide a jurisdictional basis because Ms. Taylor had not pleaded a claim against the United States. Second, the court held that even if Ms. Taylor's complaint had alleged a failure of the United States to protect her the Tucker Act would not confer jurisdiction because that claim would sound in tort. Finally, the court held that Ms. Taylor had not identified a money-

mandating provision for her claims. The court further noted that it did not have the authority to provide non-monetary relief for Ms. Taylor.

## DISCUSSION

Under the Tucker Act, the Court of Federal Claims has jurisdiction to hear certain claims brought against the United States. Its jurisdiction does not extend to suits against individuals or state officials. See 28 U.SC. § 1491(a)(1); see also Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998); Berdick v. United States, 222 Ct. Cl. 94 (1979); Nat'l City Bank v. United States, 143 Ct. Cl. 154 (1958). Therefore, to the extent that Ms. Taylor sought recovery from state officials or state agencies, the trial court was correct to dismiss her claims.

On appeal, however, Ms. Taylor contends that she was pursuing a claim against the United States, stating that the United States had custody of her when she was a child and directly caused "assaults, neglect, sex[ual] assaults, near death, and permanent disability." Even so, the trial court was correct to dismiss her claims because the Court of Federal Claims does not have jurisdiction over tort claims, including claims based on theories of negligence or breach of duty. See 28 U.S.C. § 1491(a)(1). Ms. Taylor also argues on appeal that she formed an implied contract with the United States by reciting the pledge of allegiance, but she alleged no facts in her complaint that indicate an intent on behalf of the United States to enter into any contractual agreement. See City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990) ("An implied-in-fact contract requires findings of . . . mutuality of intent to contract").

The trial court was also correct in determining that none of the provisions cited by Ms. Taylor are money-mandating. On appeal, Ms. Taylor relies on 42 U.S.C. § 1983, and the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution as providing an underlying cause of action. None of those provisions, however, provides a cause of action for relief in the Court of Federal Claims. Jurisdiction for claims under section 1983 lies in the district courts; the Fourteenth Amendment does not provide for relief against the federal government; and the First and Eighth Amendments are not money mandating. Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007); United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983). Likewise, the due process clause of the Fifth Amendment is not money mandating, Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988), and although the Fifth Amendment provides for just compensation for takings of private property, Ms. Taylor has not alleged that any property interest of hers was taken by the United States. Accordingly, we uphold the trial court's order dismissing Ms. Taylor's complaint.