Karen McBRIEN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–840 C.

United States Court of Federal Claims.

June 12, 2009.

## ORDER

JAMES F. MEROW, Senior Judge.

This order addresses Defendant's Motions to Dismiss Plaintiff's Complaints. The motions to dismiss assert that plaintiff has not pleaded any cause of action within the jurisdiction granted to this court.

Plaintiff's initial complaint sought damages stemming from the asserted conduct of unnamed officials in a number of federal departments, namely "Homeland Security," "Federal Bureau of Investigation," "Justice," "Energy," "Defense," "State" and "Health." Plaintiff's First Amended Complaint added sources of conduct, namely "President George W. Bush," "Vice President Richard Cheney," "Embassy of Luxembourg," "Central Intelligence Agency," "Department of Transportation," "Department of Treasury," "Internal Revenue Service," "National Institutes of Health," "Stanford University and Hospital," "Blackwater" and "ABC Supply Co., Inc."

Plaintiff claims the conduct of the unnamed officials resulted in personal injury, violation of civil rights and violation of the Americans with Disabilities Act.

■ With the exception of the Supreme Court all federal courts have only the jurisdiction provided to them by Acts of Congress. *In re United States*, 877 F.2d 1568, 1571 (Fed.Cir.1989), *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed.Cir. 1998). Whether a court has jurisdiction to decide the merits of a case is a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

Thus, as an initial matter the court must resolve whether plaintiff has pleaded any claim(s) within the court's assigned jurisdiction.

■ First, in the Court of Federal Claims, the United States is the sole defendant. The court has no jurisdiction to resolve claims against individuals or other parties such as the Embassy of Luxembourg, Stanford University and Hospital, Blackwater or ABC Supply Co., Inc. Accordingly, the pleadings of such claims must be ignored as beyond the jurisdiction of the court. *United States v. Sherwood*, 312 U.S. 584, 587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir. 1997); *Moore v. Public Defenders Office*, 76 Fed.Cl. 617, 620 (2007).

■ Second, close examination of plaintiff's pleadings does not disclose any matter, contained therein, over which this court possesses jurisdiction to resolve. Congress has not provided jurisdiction to the Court of Federal Claims to resolve personal injury claims. The primary statutory basis for this court's jurisdiction expressly excludes tort claims. 28 U.S.C. § 1491(a)(1); *Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed.Cir.1998); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed.Cir.1993).

■ The Court of Federal Claims has not been afforded jurisdiction to resolve civil rights claims. *See Stamps v. United States*, 73 Fed.Cl. 603 (2006); *Anderson v. United States*, 22 Cl.Ct. 178, 179 (1990), *aff'd*, 937 F.2d 623, 1991 WL 100830 (Fed.Cir.1991); *Blassingame v. United States*, 33 Fed.Cl. 504, 505 (1995), *aff'd*, 73 F.3d 379, 1995 WL 723910 (Fed.Cir.1995). Jurisdiction is also lacking to resolve Americans with Disabilities Act claims. *Gray v. United States*, 69 Fed. Cl. 95, 101 (2005); *Agee v. United States*, 72 Fed.Cl. 284, 289 (2006). Plaintiff has not pleaded any claim based on a money-mandating provision of the Constitution. *United States v. Mitchell*, 463 U.S. 206, 216–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir. 1995).

In the circumstance where plaintiff has pleaded no matter within this court's jurisdiction to resolve, it is **ORDERED** that Defendant's Motions to Dismiss are **GRANTED** and final judgment dismissing plaintiff's Complaints shall be entered with no costs to

be assessed.[1]

1. With this dismissal, all other pending motions are **DENIED as MOOT.** Possible transfer, pursuant to 28 U.S.C. § 1631, is rejected in the absence of any indication that plaintiff has satisfied the requisites for filing a tort claim against the United States in a United States District Court. *See* 28 U.S.C. § 2675.