**Michael J. MODENA, Plaintiff,**

**v.**

**Judge Janet T. NEFF, U.S. Attorney Donald A. Davis,[1] Defendants.**

**No. 09–851C.**

United States Court of Federal Claims.

Jan. 7, 2010.

---

1. Plaintiff's complaint lists as defendants "Judge Janet T. Neff," a federal judge in the United States District Court for the Western District of Michigan and "U.S. Attorney Donald A. Davis," an Assistant United States Attorney in the United States Attorney's office in the Western District of Michigan. Because the plaintiff has filed the complaint *pro se*, and is entitled to liberal construction of the pleadings by the court, the court construes plaintiff's claim to be against the United States for purposes of its review. All claims in the United States Court of Federal Claims must have "the United States designated as the party defendant...." Rule 10(a), Rules of the United States Court of Federal Claims (RCFC).

Michael J. Modena, Stanton, MI, pro se.

**OPINION**

HORN, Judge.

The plaintiff's complaint is unclear, confusing and fails to raise issues over which the United States Court of Federal Claims has jurisdiction. Furthermore, although plaintiff claims *in forma pauperis* status in his complaint, no application in support thereof was filed. Mr. Modena claims, among other allegations, that "[p]laintiff took title to his birth certificate in 200[0][2] and filed in the International Military Registry[3] to have highest claim to his Identity, etc....." As such, Mr. Modena argues that the he is a "copyrighted and bonded man" and filed this action pursuant to 28 U.S.C. § 1498(b). As best the court can discern, Mr. Modena's complaint is borne out of alleged mistaken identity, which he calls "false identity," and which he alleges led to "fraud for the jury," and his conviction and alleged false imprisonment.

Mr. Modena alleges that he was falsely imprisoned for four and half years, "plus (1) year at prison camp, plus (11) months now on jailing." Plaintiff also alleges that he was the victim of "human trafficing [sic]," by virtue of his incarceration and movement between "jail[s], prison[s], camp[s]...." Plaintiff further alleges "peonage," stating that "it is illegal to lock one up and demand labor/work/unicor [sic] employee[s] position[s] under color of law." Furthermore, plaintiff alleges that the defendant has "severely damages the good name and reputation of the defendant [sic] who long ago attended the U.S.A.F. Academy, class of 1981, and is a decorated Eagle Scout."

Mr. Modena's complaint lists Judge Janet T. Neff, a federal judge in the United States District Court for the Western District of Michigan and Donald A. Davis, an Assistant

---

**2.** The year "200[0]" appears as shown in plaintiff's complaint.

**3.** The court can find no record of the International Military Registry.

United States Attorney in the United States Attorney's office in the United States Attorney's office in the Western District of Michigan, as defendants. Mr. Modena claims that "[t]he court officer(s) did not reveal to the trial jury the Base Offense Fraud, i.e., the false identity...." Mr. Modena also claims that "[d]efendant Donald A. Davis was the Assistant U.S. Attorney in the Base Offense Case, and did nothing to correct the false identity matter."

## DISCUSSION

■ When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court ... to create a claim which [plaintiff] has not spelled out in his [or her] pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007).

■■ "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte.*" *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g* and *reh'g en banc denied* (Fed.Cir.2004), cert. *denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed. Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *Thompson v. United States,* 88 Fed.Cl. 263, 266 (2009); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed. Cir.2001) (citing *Johannsen v. Pay Less Drug Stores Northwest, Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1343 (Fed.Cir. 2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

■ Pursuant to Rule 8(a) of the United States Court of Federal Claims (RCFC) and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed.R.Civ.P. 8(a)(1), (2). *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–57, 570, 127 S.Ct. 1955). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir.1997); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (Dyk, J. concurring in part, dissenting in

part) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed.2004)); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.2002), cert. *denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576, 1580 (Fed.Cir.1997)), cert. *denied,* 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Greenlee County, Ariz. v. United States,* 487 F.3d 871, 875 (Fed. Cir.), *reh'g* and *reh'g en banc denied* (Fed. Cir.2007), *cert. denied,* — U.S. ——, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States,* 168 F.3d 1310, 1314 (Fed. Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States...." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must ... identify a substantive source of law that creates the right to recovery of money damages against the United States."). To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell,* 463 U.S. at 217, 103 S.Ct. 2961 (quoting *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948 and *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)); *see also Hamlet v. United States,* 63 F.3d 1097, 1107 (Fed. Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.1995), cert. *denied,* 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996). "Additionally, the specific authority granting money relief must be distinct from the Tucker Act itself." *Cottrell v. United States,* 42

Fed.Cl. 144, 152 (1998). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005); *see also Doe v. United States,* 74 Fed.Cl. 794, 796 (2006).

The plaintiff's complaint contains numerous allegations none of which are within this court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1). Moreover, Mr. Modena does not even request monetary damages or list an amount for damages to which he believes he is entitled, although he does note that "[a] (5.5) million dollar tort form (95) claim is currently on file at the Civil Rights Tort Branch in Washington, D.C., with paralegal Elijah Jenkins." Additionally, while Mr. Modena states in his complaint that he is a "copyrighted and bonded man," who filed "this instant action per 28 U.S.C. § 1498(b)," the court notes no copyright violation is alleged in the complaint, nor how a copyright was "infringed by the United States...." 28 U.S.C. § 1498(b) (2006).

■■■ Although, as noted above, the complaint is not easy to understand, some of the allegations appear to raise allegations of tortious conduct by Judge Neff and Mr. Davis. The Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343; *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir.1997); *Golden Pacific Bancorp v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed. Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Woodson v. United States,* 89 Fed.Cl. 640, 650 (2009); *McBrien v. United States,* 87 Fed.Cl. 341, 342, *recons. denied,* No. 08–840, 2009 WL 2045678 (Jul. 10, 2009), aff'd, No.2009-

5109, 2009 WL 3832560 (Fed.Cir. Nov.10, 2009); *McCullough v. United States,* 76 Fed. Cl. at 3; *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed.Cl. 732, 739, aff'd, 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed.Cir.2006). Similarly, to the extent that plaintiff is alleging criminal behavior on the part of federal employees, no jurisdiction resides in this court. This court lacks jurisdiction to adjudicate criminal claims. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994); *Mendes v. United States,* 88 Fed.Cl. 759, 762 (2009) (finding that the court lacked jurisdiction to consider plaintiff's criminal claims); *McCullough v. United States,* 76 Fed.Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Therefore, plaintiff's claims of false imprisonment, human trafficking or "peonage" by government officials may not be heard in this court.

■■■ Furthermore, the Court of Federal Claims lacks jurisdiction to hear claims alleging deprivation of civil rights under color of law. *See Elkins v. United States,* 229 Ct.Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws."). Exclusive jurisdiction to hear civil rights claims resides in the federal district courts. *See* 28 U.S.C. § 1343 (2000); *see also McCullough v. United States,* 76 Fed.Cl. at 5; *Hanes v. United States,* 44 Fed.Cl. 441, 449 (1999), aff'd, 243 F.3d 562, 2000 WL 1477001 (Fed. Cir.), *reh'g denied* (Fed.Cir.2000); *Blassingame v. United States,* 33 Fed.Cl. 504, 505, aff'd, 73 F.3d 379, 1995 WL 723910 (Fed.Cir. 1995), *reh'g denied* (Fed.Cir.), *cert. denied,* 517 U.S. 1237, 116 S.Ct. 1885, 135 L.Ed.2d 179 (1996); *Lee v. United States,* 33 Fed.Cl. 374, 379 (1995); *Bunch v. United States,* 33 Fed.Cl. 337, 341 (1995), aff'd, 78 F.3d 605, 1996 WL 75278 (Fed.Cir.1996); *Sanders v. United States,* 32 Fed.Cl. 573, 576 (1995); *Rogers v. United States,* 14 Cl.Ct. 39, 50 (1987), aff'd, 861 F.2d 729, 1988 WL 99131 (Fed.Cir.1988), *cert. denied,* 490 U.S. 1034, 109 S.Ct. 1930, 104 L.Ed.2d 403 (1989). Therefore, even though the plaintiff claims that "it is illegal to lock one up and demand labor/work/unicor [sic] employee[s] position[s] under color of law," this court does

not have jurisdiction to hear any of plaintiff's allegations in which he may have raised a claim of civil rights violations. For the reasons, discussed above, plaintiff's complaint should be dismissed for lack of jurisdiction pursuant to RCFC 12(b)(1).

## CONCLUSION

Upon review of plaintiff's complaint, the plaintiff has alleged no claims within the jurisdiction of this court. Therefore, the court **DISMISSES** plaintiff's complaint, with prejudice. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**