NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID KISSI,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5025

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-347, Judge Thomas C. Wheeler.

---

Decided: July 23, 2012

---

DAVID KISSI, of Washington, DC, pro se.

ALEX P. HONTOS, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

*Pro se* appellant, David Kissi, appeals a decision of the United States Court of Federal Claims, dismissing his complaint for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The Court of Federal Claims also enjoined Mr. Kissi from filing further related actions in the Court of Federal Claims absent prior court approval. For the reasons outlined below, we *affirm*.

I.

Mr. Kissi and his wife were shareholders and agents of the now-dissolved DK&R Company, Inc. ("DK&R"). Between March 29, 1993, and May 22, 1996, The Money Store and Key Bank, N.A., issued loans to DK&R, and the United States Small Business Administration ("SBA") partially guaranteed the loans. After DK&R defaulted on the loans, the SBA satisfied its guarantee obligations on the loans and transferred its interest in the loans to Pramco II, LLC ("Pramco"), which attempted to collect on the loans from the Kissis. As a result, Mr. Kissi sued the SBA and the United States Department of Justice ("DOJ") for "Loan Fraud as a Co-Guarantor, For Abusing Its Role as a Custodian of Ammendale Trust U.S. Court Escrow Count [sic] And For [] Taking Plaintiffs' Assets Without Compensation" A13. He sought $100 million in damages. The government moved to dismiss the complaint for lack of subject and matter jurisdiction and for failure to state a claim. It also asked the court to enjoin Mr. Kissi from filing any related future complaints in the Court of Federal Claims absent court permission. The Court of Federal Claims dismissed the complaint and granted the injunction.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

We review *de novo* whether the Court of Federal Claims properly dismissed a complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. *See Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1310 (Fed. Cir. 2011); *Moyer v. United States*, 190 F.3d 1314, 1317-18 (Fed. Cir. 1999). When reviewing a motion to dismiss pursuant to RCFC 12(b)(1), the Court of Federal Claims assumes that all factual allegations are true and construes "all reasonable inferences" in the plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). We review the factual findings of the Court of Federal Claims for clear error. *See Moyer*, 190 F.3d at 1318. As the plaintiff-appellant, Mr. Kissi must establish subject matter jurisdiction by preponderant evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998) (internal citations omitted). If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

Here, the Court of Federal Claims properly dismissed Mr. Kissi's complaint because it was time-barred. The alleged contractual breach – the transfers of the SBA's interest in DK&R loans to Pramco – occurred on December 5, 2000, and August 7, 2001. Mr. Kissi did not file his complaint in the Court of Federal Claims until June 1, 2011, almost ten years after the purported breach would have accrued. *See Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (stating that in a breach-of-contract case, the cause of action generally accrues at the time of the breach). The Court of Federal Claims lacks jurisdiction over a claim that is not filed

within six years after it first accrues. 28 U.S.C. § 2501. Therefore, Mr. Kissi's claim is time-barred.

As to Mr. Kissi's fraud claim, the Court of Federal Claims did not err in dismissing it. Mr. Kissi claimed that due to his discovery of new evidence or fraud, Federal Rule of Civil Procedure 60(b) entitled him to relief from the judgment of a Maryland district court in favor of Pramco. The Federal Rules of Civil Procedure are not controlling on the Court of Federal Claims, but that court's analogous rule – RCFC 60(b) – allows for relief from a final judgment in the case of, *inter alia*, newly discovered evidence of fraud. However, a party seeking to invoke RCFC 60(b) must do so no more than a year after entry of the judgment or order or date of the proceeding. RCFC 60(c)(1). Because Mr. Kissi seeks relief from a judgment entered on May 29, 2003, the Court of Federal Claims properly concluded that his fraud claim was untimely. Even if it were not, the Court of Federal Claims cannot review a judgment of a Maryland district court and lacks jurisdiction over claims directed at entities other than the United States, such as Pramco.

Finally, given Mr. Kissi's long and complicated litigation history related to the claims at issue in this appeal, we see no error in the court's decision to enjoin Mr. Kissi from filing a related complaint in the court absent prior court approval in an effort to preserve judicial resources and deter the filing of frivolous lawsuits. *See* RCFC 11*; Rutledge v. United States*, 72 Fed. Cl. 396, 403 (2006); *Hornback v. United States*, 62 Fed. Cl. 1, 6 (2004), *aff'd,* 405 F.3d 999 (Fed. Cir. 2005).[1]

---

[1]    According to the Court of Federal Claims, between 1999 and 2003, Mr. Kissi filed at least 20 actions related to this litigation. From 1999 to 2011, he filed lawsuits in the U.S. District Court of Maryland, Circuit Court of

We have considered Mr. Kissi's other arguments made on appeal and find that they provide no basis for relief. For the foregoing reasons, the judgment of the Court of Federal Claims is hereby

## AFFIRMED

No costs.

---

Maryland for Anne Arundel County, Circuit Court of Maryland for Baltimore County, Circuit Court of Maryland for Howard County, U.S. District Court for the District of Columbia, U.S. Bankruptcy Court in Baltimore, District Court of Maryland for Baltimore City, U.S. District Court for the District of New Jersey, U.S. District Court for the Northern District of Ohio, U.S. District Court for the District of Delaware, U.S. Court of Appeals for the Third Circuit, U.S. Court of Appeals for the Fourth Circuit, and the U.S. Court of Appeals for the District of Columbia Circuit.