# In the United States Court of Federal Claims

No. 22-27

(Filed:  17 October 2022)

[NOT FOR PUBLICATION]

**************************************

MARCUS D. WRIGHT, *et al.*,

              Plaintiffs,

v.

THE UNITED STATES,

              Defendant.

**************************************

*Marcus Wright, pro se*, of USP Hazelton, Bruceton Mills, West Virginia, with whom was *Richard Adams, pro se*, of USP Pollock, Pollock, Louisiana.

*Miles K. Karson*, Trial Attorney, with whom were *Lisa L. Donahue*, Assistant Director, *Brian M. Boynton*, Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, DC, for defendant.

## ORDER

**HOLTE, Judge.**

*Pro se* plaintiffs Marcus Wright and Richard Adams filed a five-page complaint against the government alleging risk of harm and death due to misconduct by federal agents.  The government moved to dismiss plaintiff's claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.  Plaintiffs responded by voluntarily dismissing themselves from this case, and the case was dismissed.  Plaintiffs filed a motion for relief from judgment and the government responded.  For the following reasons, the Court denies plaintiffs' motion for relief from judgment.

## I.      Background

### A.      Factual History

Plaintiffs Marcus Wright and Richard Adams are prisoners who are confined at the maximum-security prison USP Pollock in Louisiana.  *See* Compl., ECF No. 1.  Both plaintiffs believe they are are "in grave danger and are at imminent risk of irreparable injury and . . . death."  *Id.*  Both plaintiffs are "known ex-gang members" and were in bad standing with all "active gang members" within the prison system.  *Id.* at 1–2. Plaintiffs assert they informed all

Federal Bureau of Prisons (FBOP) executive staff members at USP Pollock they were at risk of harm or death, and their "outcries for help were intentionally and knowingly ignored by prison officials." *Id.* at 2. Further, plaintiff Marcus Wright is legally blind due to keratoconus (an eye condition where the cornea thins), which can cause complete blindness. *Id.* at 3. Plaintiffs allege "the FBOP director and the warden of USP Pollock knew or and should have known that the USP Pollock is a known dangerous-federal maximum-security penitentiary that is 'not' ADA approved and will only pose a further safety risk towards the already at-risk prisoner, Marcus Wright." Compl. at 3–4. Plaintiffs further claim there has been a "high rise in inmate-on-inmate murder through the entire FBOP, with USP Pollock being the top-rated murder capit[a]l of all federal prisons." Compl. at 5.

### B.     Procedural History

On 6 January 2022, plaintiffs filed a complaint in this case. *See* Compl. at 1. On 14 March 2022, the government filed a motion to dismiss plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Gov't Mot. to Dismiss, ECF No. 11. Rather than responding to the government's motion to dismiss, on 21 April 2022, plaintiffs filed a notice of voluntary dismissal without prejudice, ECF No. 16, and the Court accordingly entered judgment, ECF No. 17. On 16 May 2022, plaintiffs filed a motion for reconsideration alleging, "[he] is continually suffering retaliation for his attempting to seek the assistance of the court herein, prompting him to file the 'Notice of Voluntar[y] [D]ismissal' in this ca[]se." *See* Pl.'s Mot., ECF No. 18. As plaintiffs filed this motion after the Court entered judgment, the Court construed plaintiffs' motion as one for relief from judgment under RCFC 60(b) which provides: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for [certain] reasons." RCFC 60(b). On 24 May 2022, the Court ordered the government to file a response to plaintiffs' motion. *See* Order, ECF No. 19. The government, on 7 June 2022, responded to plaintiffs' motion asserting: the Court lacks subject-matter jurisdiction; plaintiffs are not entitled to relief under RCFC 60(b); and the Court cannot transfer the case to a court of appeals as a writ of mandamus. *See* Gov't Resp., ECF No. 20.

## II.    Legal Standard

### A.     Subject-Matter Jurisdiction

In considering a motion to dismiss for lack of subject-matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff "bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the Court of Federal Claims determines that it lacks subject-matter jurisdiction, it must dismiss the claim." *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (per curiam) (citing RCFC 12(h)(3)).

"[T]he Court of Federal Claims, like all federal courts, is a court of limited jurisdiction." *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). Under the Tucker Act:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2018). "By its express terms, therefore, the Tucker Act excludes tort claims from the Court of Federal Claims' jurisdiction." *Donnelly v. United States*, 733 F. App'x 1026, 1027 (Fed. Cir. 2018) (per curiam) (citing *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)). "[T]he Court of Federal Claims has jurisdiction to hear certain claims brought against the United States. Its jurisdiction does not extend to suits against individuals . . . ." *Taylor v. United States*, 296 F. App'x 34, 35 (Fed. Cir. 2008). Further, this Court "lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts, state prisons, or state employees." *Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014).

### B. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."). Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se* in drafting pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. RCFC 60(b)

RCFC 60(b) states: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial . . . ; (3) fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." RCFC 60(b).

## III. Parties' Arguments

### A. Plaintiffs' Arguments

Plaintiffs argue the original claim should have never been dismissed due to the "seriousness of [the] claim." Pl.'s Mot. at 1. Plaintiffs argue "they were in dire straits and [would] continually be in danger of death . . . if this high court [does] not intervene." *Id.* Additionally, plaintiffs add "Marcus Wright has since suffered, and is continually suffering retaliation for his attempt[] to seek the assistance of the court," which prompted him to voluntarily dismiss his claim. *Id.* at 2. Plaintiffs also request "this court transfer and refer this federal claim, along with its entire record to the: United States Court for the Fourth (4th) Circuit in Richmond, Virginia, . . . and amend the current title of claim from a mere federal complaint to a[] Petition for Writ of Mandamus." *Id.*

## B. The Government's Arguments

The government motioned to dismiss the original complaint, asserting the Court lacks subject-matter jurisdiction over plaintiffs' claims because they "(i) fail to identify a money-mandating source as their basis, (ii) do not seek monetary relief, (iii) sound in tort, or (iv) assert civil rights violations." Gov't. Resp. at 3 (citing Gov't. Mot. to Dismiss at 3–5). The government reasserts this motion in its response to plaintiffs and maintains "plaintiffs have only pled claims falling outside of this Court's jurisdiction and nothing asserted in plaintiffs' motion changes that fact." Gov't. Resp. at 3. The government additionally argues under Rule 60(b) there are six potential reasons the Court could grant plaintiffs relief, and "[p]laintiffs . . . have failed to establish a right to relief under any of the six enumerated reasons." Gov't. Resp. at 1. The government further contends plaintiffs' assertions would likely "fall within the scope of Rule 60(b)(3) – misconduct by an opposing party – and potentially within Rule 60(b)(6), the catchall provision[,] [b]ut this misconduct does not create jurisdiction in this Court to hear plaintiffs' claims." *Id.* at 3. The government also argues plaintiffs' allegations are "nonspecific and unsupported by any evidence or concrete details," and so does not meet the standard under Rule 60(b)(3). *Id.* The government argues Rule 60(b)(6) does not apply because it is "mutually exclusive of other subsections in Rule 60." *Id.* at 4 (citing *Spengler v. United States*, 128 Fed. Cl. 338, 345 (2016)). "Thus, a movant cannot rely upon subsection (b)(6) to the extent that their reasons for requesting relief from judgment are encompassed within any other subsection of Rule 60(b)." *Id.* (citing *Spengler*, 128 Fed. Cl. at 345). The government asserts the basis for plaintiffs' subsection (b)(6) argument would be relying on the same facts as their subsection (b)(3) argument, and thus plaintiffs cannot rely on subsection (b)(6). *Id.* The government further contends plaintiffs have provided no legal basis allowing the Court to reinstate the case and transfer it to the Fourth Circuit Court of Appeals as a writ of mandamus. *Id.* It argues the "Fourth Circuit Court of Appeals does not have original jurisdiction over plaintiffs' purported writ of mandamus." *Id.*

## IV. Analysis

### A. Whether the Court has Subject-Matter Jurisdiction over this Claim

The government motioned to dismiss the claim stating the Court lacks subject-matter jurisdiction because plaintiffs (1) fail to assert a money-mandating source as the basis for their claim; (2) do not seek monetary relief; (3) sound in tort; or (4) assert civil rights violations. *See* Gov't. Mot. to Dismiss at 2–5. The government reasserts the Court's lack of subject-matter

jurisdiction in its response to plaintiffs' motion. Gov't Resp. at 3. The Court thus considers whether it has subject-matter jurisdiction over this claim.

Plaintiffs' claims require a money-mandating source as their basis for relief. *United States v. Mitchell*, 463 U.S. 206, 216 (1983) ("Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act[;] [t]he claim must be one for money damages against the United States."). Plaintiffs state they are "currently in dire straits and will continually be in danger of death or suffering irreparable harm if this high court did not intervene[]." Pls.' Mot. at 2. Plaintiffs, however, fail to request monetary relief altogether, and thus, this Court does not have jurisdiction over their claims. *See Modena* v. Neff, 91 Fed. Cl. 29, 34 (2010) (*pro se* claim was dismissed, noting plaintiff did not request monetary damages). Plaintiffs' claims seek remedies relating to fear or "risk of future injury or death," a tort claim for which the Court of Federal Claims lacks jurisdiction. Compl. at 1–2 ("[Plaintiffs are] at risk of harm or and risk of death while confined at such prison."); *see Martinez v. United States*, 391 Fed. App'x 876, 878 (Fed. Cir. 2010) ("[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims"). The Court is unable to establish subject-matter jurisdiction in this case due to the claims lacking a money-mandating source, and the claims being tortious in nature, plaintiffs claim they are "in grave danger and are at imminent risk of irreparable injury and . . . death," and thus, the Court is required to dismiss the claims pursuant to RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Compl. at 2; *see Jaye v. United States*, 781 Fed. App'x 994, 997 (Fed. Cir. 2019) (holding the Court of Federal Claims "correctly concluded that it lacked jurisdiction," and thus, could not "consider [plaintiff's] claims" alleging breach of an implied contract with the United States, various violations of her constitutional rights, as well as an "unlawful taking scheme perpetrated by the State of New Jersey."). The Court thus would have granted the government's motion to dismiss had the claim not been voluntarily dismissed by plaintiffs.

**B.       Whether Plaintiffs are Entitled to Relief under RCFC 60(b)**

RCFC 60(b) allows a party to be relieved from a final judgment. RCFC 60(b). Plaintiffs' claims allege misconduct by the opposing party, and thus, the Court analyzes subsection (b)(3). RCFC 60(b)(3) ("reliev[ing] party . . . from a final judgment . . . for . . . misconduct by an opposing party"); Pls.' Mot. at 2 ("Claimant Marcus D. Wright . . . is continually suffering retaliation for his attempting to seek the assistance of the court herein"). The Court also analyzes subsection (b)(6), as it is the catchall provision which encompasses "any other reason that justifies relief." RCFC 60(b)(6) ("reliev[ing] party . . . from a final judgment . . . for . . . any other reason that justifies relief"). Plaintiffs' claims do not recognize any other possible cause for relief under the other four sections of RCFC 60(b), and thus, the Court does not address them in its analysis.

In order "[t]o succeed on a motion under RCFC 60(b)(3), the movant must demonstrate fraud, misrepresentation, or misconduct by clear and convincing evidence." *Wagstaff v. United States*, 118 Fed. Cl. 172, 176 (2014) (internal quotes omitted). Further, "[u]nsupported allegations and innuendo are insufficient to warrant relief." *Id.* RCFC 60(b)(6)'s "residual catchall provision allows a court to relieve a party from a final judgment where such relief is

appropriate . . . but the reasons for that relief are not encompassed by the other provisions of the rule." *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001). Thus, relief cannot be sought under subsection (b)(6) "to the extent that [plaintiffs'] reasons for requesting relief from judgment are encompassed within [the other sections of the statute]." *Spengler v. United States*, 128 Fed. Cl. 338, 345 (2016) (citing *Paul Revere Variable Annuity Ins. Co.*, 248 F.3d at 5).

Plaintiffs are unable to meet the threshold for a Rule 60(b)(3) motion. To succeed, plaintiffs would have needed to show by "clear and convincing evidence" the government demonstrated misconduct, which forced them to voluntarily dismiss their claim, however, plaintiffs fail to include any details supporting this claim. *See* Pls' Mot. at 2; *Wagstaff*, 118 Fed. Cl. at 176 (requiring clear and convincing evidence of fraud, misrepresentation, or bad faith conduct to warrant relief under RCFC 60(b)(3)). Plaintiffs' allegations are "nonspecific and unsupported by any evidence" suggesting the government ever demonstrated misconduct. *Wagstaff*, 118 Fed. Cl. at 178. Plaintiff Marcus Wright makes the assertion he "suffered, and is continually suffering retaliation for his attempt[] to seek the assistance of the court;" however, he fails to provide any details to bolster or support his claim. Pls.' Mot. at 2. Plaintiffs also fail to provide any concrete evidence supporting the fact their lives are in danger as a result of government misconduct, and thus, there is no evidence to support plaintiffs' motion for relief from judgment under Rule 60(b)(3). *See Wagstaff*, 118 Fed. Cl. at 178 ("[Plaintiffs'] bare allegations [of fraud, bias, and misconduct are nonspecific and unsupported by any evidence or concrete details and]. . . are insufficient as a matter of law to warrant relief).

Further, plaintiffs' motion fails to meet the necessary requirements under Rule 60(b)(6). To be relieved from judgment under subsection (b)(6), the reasons for relief must be exclusive from the other five sections of the Rule. See *Paul Revere Variable Annuity Ins. Co.*, 248 F.3d at 5 ("Rule 60(b)(6) provides federal district courts with a residual reservoir of equitable power to grant discretionary relief from a final judgment for 'any other reason justifying relief . . . .'" (citing Rule 60(b)(6))). Plaintiffs' claims for relief in this case only include the reasons outlined in subsection (b)(3) regarding misconduct by an opposing party. Thus, because plaintiffs' fail to provide any other reasoning as to why they should be entitled to relief from judgment, the Court finds no grounds to grant such relief under Rule 60(b)(6). *See* RCFC 60(b)(6).

### C. Whether the Lawsuit can be Transferred to the Fourth Circuit Court of Appeals as a Writ of Mandamus

Plaintiffs' motion for relief from judgment requests the Court "transfer and refer this federal claim, along with its entire record to the: United States Appeals Court for the Fourth (4th) Circuit in Richmond, Virginia and construe and amend the current title of claim from a mere federal complaint to a: Petition for Writ of Mandamus." Pls.' Mot. at 2. The government argues "plaintiffs have provided no legal basis for the Court to do so." Gov't. Resp. at 4.

28 U.S.C. § 1361 grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1631 states "whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the

interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it transferred on the date upon which it was actually filed or noticed for the court from which it is transferred."

Any writ of mandamus has original jurisdiction in the district courts, and thus, a transfer to a court of appeals is not possible. *See* 28 U.S.C. § 1361. The government suggests "[i]f this Court were to grant plaintiffs' motion to reinstate . . . the Court may consider plaintiffs' request to transfer their claims to an appropriate Federal district court." Gov't. Resp. at 5 (citing 28 U.S.C. § 1631). The government also asserts the correct district court would be the Western District of Louisiana, because the allegations made by plaintiffs were all from time spent at Pen-Pollock in Louisiana. *Id.* As the Court finds *supra*, plaintiffs have no grounds for relief under Rule 60(b) and plaintiffs have no cause of action to be transferred. The court denies plaintiffs' request to transfer claim under § 1361 as a writ of mandamus or under § 1631 as a transfer to cure want of jurisdiction.

## V.      Conclusion

The Court has considered all of plaintiffs' arguments. To the extent not discussed specifically herein, they are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. Plaintiffs fail to establish subject-matter jurisdiction, and further fail to establish a cause for relief from judgment, and thus, the Court **DENIES** plaintiffs' motion for relief from judgment. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith because, as alleged, plaintiffs' claims are clearly outside the jurisdiction of this Court and incurable.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge