NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MESSIAH ALI-BEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1629

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01044-EMR, Judge Eleni M. Roumel.

---

Decided: March 19, 2025

---

MESSIAH ALI-BEY, Tampa, FL, pro se.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before PROST, LINN, and STOLL, *Circuit Judges*.

PER CURIAM.

Messiah Ali-Bey appeals the dismissal of his Complaint by the U.S. Court of Federal Claims for lack of subject matter jurisdiction. For the following reasons, we affirm.

## BACKGROUND

Mr. Ali-Bey filed suit in the Court of Federal Claims "on behalf of 'the Moorish Son's [sic] and Daughters of Light International institute, Clock of Destiny, Order of the Great Seal Order' against 'Joseph Robinette Biden Jr' and 'the Estate of Abraham Lincoln' to remedy the past enslavement of Moorish Americans." *Ali-Bey v. United States*, 169 Fed. Cl. 729, 731 (2024) (citation omitted) (alteration in original). Mr. Ali-Bey asserted that "the United States owes Moorish Americans 'more than $1,284,876,372,763,481.90' to correct a myriad of claims including purported constitutional violations, international treaty violations, negligence, and interference with intellectual property rights." *Id.* (citation omitted). The Government moved to dismiss the Complaint because the claims fall outside the Court of Federal Claims' limited jurisdiction.

The Court of Federal Claims held that it lacks subject matter jurisdiction over Mr. Ali-Bey's monetary claims. The court explained that the neither the Fifth Amendment nor the Thirteenth Amendment to the U.S. Constitution establishes subject matter jurisdiction because (1) "[t]he Thirteenth Amendment is not a money-mandating authority that provides jurisdiction"; and (2) "[t]he Due Process Clause of the Fifth Amendment is not a money-mandating source." *Id.* at 734–35. The court then explained that "[t]o the extent [Mr. Ali-Bey] is alleging that the United States took property in violation of the Fifth Amendment, the true nature of [his] claims sound in tort," and "[t]ort claims are beyond the jurisdiction of [the Court of Federal Claims]." *Id.* at 735 (explaining that Mr. Ali-Bey's tort claims of

"gross negligence" and "national deception" must also fail for the same reason).

Next, the court explained that "the bulk of [Mr. Ali-Bey's] argument rests on purported violations of the [1836] Treaty of Peace and Friendship" between the United States and Morocco, but it "is well-established that [the Court of Federal Claims] lacks jurisdiction to consider claims arising from treaties with foreign nations." *Id.* (explaining that "treaties with Indian tribes and treaties with foreign nations are distinguishable for purposes of jurisdiction" because "the Treaty of Peace and Friendship . . . is not a treaty with an Indian Tribe").

The court then explained that the asserted claims related to "intellectual property violations also fail to establish jurisdiction" because the Court of Federal Claims has "jurisdiction over [intellectual property] claims based on patents, copyrights, and protected plant varieties" but not "claims related to trade secrets and trademarks." *Id.* at 736–37 (explaining further that Mr. Ali-Bey "has not shown proof of a valid patent or copyright"). The court also noted that Mr. Ali-Bey's "allegation of unjust enrichment is not a valid basis for jurisdiction." *Id.* at 737.

Last, the Court of Federal Claims held that it lacks subject matter jurisdiction over Mr. Ali-Bey's requests for equitable relief because it "is well established that [the Court of Federal Claims'] Tucker Act jurisdiction does not extend to claims for equitable relief." *Id.* Accordingly, the court dismissed Mr. Ali-Bey's Complaint "without leave to replead." *Id.* at 738.

Mr. Ali-Bey appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal of a case for lack of subject matter jurisdiction de novo. *E.g.*, *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir.

2016).  Mr. Ali-Bey bears the burden of establishing the Court of Federal Claims' jurisdiction over his claims by preponderant evidence.  *Id.*

In his appellate briefing, which is difficult to follow, Mr. Ali-Bey argues that the Court of Federal Claims "applied the wrong law," Appellant's Informal Br. 9, 15, and "incorrectly determined that [his] case was claiming that the 14th Amendment, the 13th Amendment, the 5th, and the 8th Amendment is [sic] the source of rights[] [a]nd that [his case] is arising out of a tort, when in fact it is arising out of an Act of Congress," Appellant's Informal Br. 1.  *But see* Appellant's Informal Br. 11–13, 16 (listing the Fifth and Thirteenth Amendments as being "at issue in this case").  Mr. Ali-Bey repeatedly states that his claims arise out of the 1836 Treaty of Peace and Friendship between the United States and Morocco, which he believes to be an "Act of Congress."  *See generally* Appellant's Informal Br. Mr. Ali-Bey also argues that the Court of Federal Claims failed to "take into account [his] standing as a Moorish America[n]."  Appellant's Informal Br. 8.

For the reasons that follow, we agree with the Court of Federal Claims that it "lacks subject matter jurisdiction over [Mr. Ali-Bey's] claims even affording [him] the most liberal construction."  *Ali-Bey*, 169 Fed. Cl. at 734.

First, we reject the argument that the treaty on which Mr. Ali-Bey relies is an Act of Congress.  "The commonly understood meaning of an 'Act of Congress' does not include a 'treaty' . . . ."  *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 723 (5th Cir. 2009) (en banc); *CLMS Mgmt. Servs. Ltd. P'ship v. Amwins Brokerage of Ga., LLC*, 8 F.4th 1007, 1016–17 (9th Cir. 2021) ("Because treaties require only the approval of the Senate, a treaty is more accurately described as an exercise of executive power constrained by the Constitution, not as an 'Act of Congress.'  Indeed, the Supremacy Clause itself distinguishes between 'the Laws of the United States,'

which must comport with the bicameralism and present-ment requirements, and 'Treaties.'" (citations omitted)); *see also* Appellee's Informal Br. 12 ("[Mr. Ali-Bey] identifies '8 statute at large, 484 to 487,' as the alleged 'Act of Congress.' However, the pages of the statutes at large that he identifies are a treaty, not an act of Congress." (citation omitted)).

Second, we have held that "[c]laims arising under treaties with foreign nations are expressly excluded from the jurisdiction" of the Court of Federal Claims. *Greene v. United States*, 100 F.4th 1364, 1367 n.1 (Fed. Cir. 2024); 28 U.S.C. § 1502 ("[T]he United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations.").

Third, the Court of Federal Claims correctly held that "[t]he Thirteenth Amendment is not a money-mandating authority that provides jurisdiction." *Ali-Bey*, 169 Fed. Cl. at 734; *see, e.g.*, *Brashear v. United States*, 776 F. App'x 679, 682 (Fed. Cir. 2019); *Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018); *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017).

As for Mr. Ali-Bey's assertion that the "[b]asis for [j]urisdiction . . . is founded on . . . the 5th Amendment human trafficking of Moors in taking human beings as chattel property without compensation," Appellant's Informal Br. 11 (emphasis omitted), we have held that the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Consistent with this, the Court of Federal Claims has correctly held that it lacks jurisdiction over claims of human trafficking. *See, e.g.*, *Stewart v. United States*, 130 Fed. Cl. 172, 177–78 (2017) (claims of

human trafficking "sound in tort or allege criminal acts"); *Modena v. Neff*, 91 Fed. Cl. 29, 34 (2010) (claims of human trafficking by government officials "may not be heard in this court"); *cf. Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (the Court of Federal Claims "lacks jurisdiction over tort actions against the United States").

Lastly, as for Mr. Ali-Bey's argument that the Court of Federal Claims failed to "take into account [his] standing as a Moorish America[n]," Appellant's Informal Br. 8, we agree with the Government that the questions of whether Mr. Ali-Bey is a "Moorish American" and whether he lacked standing were not at issue before the Court of Federal Claims and, thus, not decided by that court. Appellee's Informal Br. 8 & n.4.

## CONCLUSION

We have considered Mr. Ali-Bey's remaining arguments and are not persuaded. For the foregoing reasons, we affirm the dismissal by the Court of Federal Claims.

## **AFFIRMED**

### COSTS

No costs.