**Judith WALKER, M.D., Ph.D., Plaintiff—Appellant,**

v.

**Dennis SPATOLA; et al., Defendants,**

and

**Medical Board of California, Defendant—Appellee.**

No. 01–56921.

D.C. No. CV–00–00695–VAP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Dr. Judith Walker appeals pro se the district court's dismissal of her civil rights

action against the California Medical Board ("the Board") and ten individuals who were involved in professional disciplinary proceedings against her. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dr. Walker contends that the district court abused its discretion by dismissing her claims against the individual defendants under Fed.R.Civ.P. 4(m) for failure to effect service of process. She argues that serving the complaint and the summons on the California Attorney General satisfied the requirements of Fed.R.Civ.P. 4(e) because state law requires service of process on, and representation by, the Attorney General in all actions against the state and state officials. We disagree. State law does not authorize the Attorney General to accept service of process on behalf of defendants sued in their individual capacities. *See Jackson v. Hayakawa,* 682 F.2d 1344, 1347–48 (9th Cir.1982) (service upon public entity insufficient to subject state officials to suit in their individual capacities).

Accordingly, because the Attorney General is not an agent authorized by appointment or by law to receive service of process on behalf of the defendants in their individual capacities, Dr. Walker failed to comply with Fed.R.Civ.P. 4(e)(2). For the same reason, service was not effective under California state law as permitted by Fed.R.Civ.P. 4(e)(1). *See* Cal.Civ.Proc. Code § 416.90 (allowing service of process on a defendant's authorized agent).[1]

---

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All outstanding motions are denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

1. We also reject Dr. Walker's argument that, because the summons and complaint were delivered to and accepted by an employee in the Attorney General's office, the Attorney General is estopped from challenging the sufficiency of the service. The Attorney General properly raised this issue in a timely motion under Fed.R.Civ.P. (12)(b)(2) and (5).

Moreover, the district court correctly dismissed Dr. Walker's claims against the Board. The Eleventh Amendment prohibits a private party from suing a nonconsenting state or its agencies in federal court regardless of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Finally, we will not consider Dr. Walker's contention that the action against the unnamed "Doe" defendants should not have been dismissed because she raises this issue for the first time on appeal. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir.1990) (general rule is that this court will not consider issues raised for the first time on appeal).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Thomas' request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.