**Juan BENITO CASTRO, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 08–817C.

United States Court of Federal Claims.

May 28, 2009.

Juan Benito Castro, Austin, TX, Pro se.

William P. Rayel, Trial Attorney, with whom were Michael F. Hertz, Acting Assistant Attorney General, and Jeanne E. Davidson, Director, Harold D. Lester, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

## *OPINION AND ORDER*

SMITH, Senior Judge.

Before the Court is Defendant's Motion to Dismiss pursuant to RCFC 12(b)(1) arguing that although this Court has jurisdiction over a claim for damages by a person who was unjustly imprisoned, Mr. Castro has not met the requisite statutory provisions to be entitled to such relief. *See* 28 U.S.C. § 1495. Although pleadings of *pro se* litigants are held to a "less stringent standard" than formal pleadings drafted by attorneys, Mr. Castro has failed to show that this Court has the jurisdiction to hear his case. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir.2002).

In assessing a motion to dismiss a claim under RCFC 12(b)(1), the Court must assume that all factual claims contained in the complaint are true and must draw all inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). Moreover, the plaintiff bears the burden to dem-

onstrate by a preponderance of the evidence that the Court possesses jurisdiction to entertain the claim. *McNutt v. Gen. Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

In his Complaint, Mr. Castro is seeking monetary damages for his alleged unjust conviction and wrongful imprisonment. Under 28 U.S.C. § 1495, this Court has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States." 28 U.S.C. § 1495. To be entitled to relief under § 1495, the requirements set forth in 28 U.S.C. § 2513 must be fulfilled. *Humphrey v. United States,* 52 Fed.Cl. 593, 594 (2002). In order to satisfy § 2513, a claimant must: (1) prove that his conviction has been reversed or set aside; (2) that he did not commit the acts as charged; and (3) submit a certificate from the trial court as proof of his pardon. 28 U.S.C. § 2513. Thus, Mr. Castro must show the Court that his conviction has been reversed or set aside, and that he did not commit any of the acts charged. *Id.* Moreover, Mr. Castro must provide this Court with a certificate of innocence from the trial judge who set aside his conviction. *Id.* Here, it is clear that Mr. Castro cannot show this Court that his conviction has been set aside or that he did not commit the acts which lead to his conviction. In fact, Mr. Castro is currently incarcerated in a West Virginia Federal Prison on the charges he alleges resulted in his wrongful imprisonment. Accordingly, Mr. Castro's Complaint must be dismissed for lack of jurisdiction.

Therefore, for the reasons set forth in this opinion, the Court hereby **GRANTS** Defendant's Motion to Dismiss. The Clerk is **DIRECTED** to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint and enter judgment accordingly.

**It is so ORDERED.**