NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5110

JUAN BENITO CASTRO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

.

Juan Benito Castro, of Bruceton Mills, West Virginia, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Loren A. Smith

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5110

JUAN BENITO CASTRO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-817, Senior Judge Loren A. Smith.

_____

DECIDED: February 2, 2010

_____

Before MICHEL, Chief Judge, NEWMAN, and DYK, Circuit Judges.

PER CURIAM.

Juan Benito Castro ("Castro") appeals from a final judgment of the United States Court of Federal Claims, dismissing Castro's complaint against the United States for lack of subject matter jurisdiction without prejudice. See Castro v. United States, 87 Fed. Cl. 182 (2009). We affirm the dismissal.

BACKGROUND

Castro is a federal prisoner in Hazelton Prison in West Virginia. On November 17, 2008, Castro filed a complaint against the United States. In a May 28, 2009,

Opinion and Order, the Court of Federal Claims construed Castro's complaint as a claim for monetary relief for unjust imprisonment pursuant to 28 U.S.C. §§ 1495 and 2513. Castro, 87 Fed. Cl. at 182-83. The court then determined that Castro had not satisfied § 2513, a requisite for jurisdiction under § 1495. Id. at 183. As a result, the court dismissed Castro's complaint for lack of subject matter jurisdiction under § 1495 and entered judgment for the United States. Castro appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The scope of our review in an appeal from a Court of Federal Claims' judgment is limited. We must affirm the Court of Federal Claims' judgment unless it is "premised on clearly erroneous factual determinations or otherwise incorrect as a matter of law." Wheeler v. United States, 11 F.3d 156, 158 (Fed. Cir. 1993). We review "de novo whether the Court of Federal Claims possessed jurisdiction." Id. at 158; see also Dehne v. United States, 970 F.2d 890, 892 (Fed. Cir. 1992).

It appears that Castro's complaint seeks monetary relief for unjust imprisonment. Under 28 U.S.C. § 1495, the Court of Federal Claims has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States." In order to state a claim for relief, a claimant must allege that he satisfies the requirements set forth in 28 U.S.C. § 2513. 28 U.S.C. § 2513. As the Court of Federal Claims pointed out, § 2513 required Castro to allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). The Court of Federal Claims found that Castro had not alleged that the requirements of § 2513 had been met. We do not see an error in the Court of Federal Claims' determination. Indeed, given that Castro is currently incarcerated in a federal prison, it seems likely that his conviction has not been reversed or set aside. If we were to construe the complaint as alleging a violation of the Takings Clause of the Fifth Amendment, the complaint would also fail to state a claim. Castro has failed to make non-frivolous allegations that would state a claim under either § 2513 or a takings theory.

For the aforementioned reasons, we affirm the judgment of dismissal for want of jurisdiction.

COSTS

No costs.