# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2014

Lyle W. Cayce
Clerk

TONY CHANEY,

Plaintiff-Appellant

v.

RACES AND ACES, formerly doing business as The Old Evangeline Downs, L.L.C.; PETER COOK, In his Individual Capacity; VANASSA JOHNSON, Individually and in her Official Capacity as Assistant Manager of Races and Aces, also known as Cookie; SCHERELL BROWN, In her Individual Capacity; KENNETH ALBAREZ, West Baton Rouge Deputy, Individually and in his Official Capacity; RICHARD J. WARD, JR., West Baton Rouge District Attorney, for the Eighteenth Judicial District Parish of West Baton Rouge, in his Official Capacity; PATTY WEBB, Individually and in her Official Capacity; MIKE CAZE, West Baton Rouge Sheriff, in his Official Capacity; 1 UNKNOWN CORRECTIONAL EMPLOYEES; TRACER SECURITY SERVICES, INCORPORATED,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-399

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30299

Tony Chaney, proceeding pro se, appeals the district court's dismissal of claims against some defendants and grant of summary judgment in favor of other defendants. He also appeals the district court's denial of his partial summary judgment motion. We AFFIRM the district court's rulings.

## FACTS AND PROCEEDINGS

Chaney filed suit in district court against a number of defendants, claiming civil rights violations stemming from a June 15, 2010 arrest. On August 6, 2012, the district court dismissed claims against defendants The Old Evangeline Downs, L.L.C. ("Evangeline"), Scherell Brown, and Vanassa Johnson, and on September 20, 2013, it dismissed claims against Tracer Security Services, Inc. ("TSSI"). On March 26, 2014, the district court granted summary judgment as to defendants Mike Caze, Kenneth Albarez, and Patty Webb and District Attorney Richard J. Ward, Jr., and dismissed the remaining defendants, Peter Cook and 1 Unknown Correctional Employee. The district court also denied Chaney's partial motion for summary judgment. This appeal followed.

## DISCUSSION

### I.    The District Court's Motion to Dismiss Rulings

The district court dismissed all claims against defendants Evangeline, Brown, and Johnson as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). "The standard of review for dismissal of a complaint as frivolous under 28 U.S.C. 1915(e)(2)(B)(i) is abuse of discretion." *Green v. Atkinson*, 623 F.3d 278, 279-280 (5th Cir. 2010). The district court dismissed all claims against defendant TSSI for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "We review dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013) (internal quotations omitted). We address the dismissals of each claim.

*a.  42 U.S.C. § 1983*

"Section 1983 provides a remedy if the deprivation of federal rights takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,' more commonly known as the 'under color of state law' or 'state action' requirement. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 929 (1982)).  "Private individuals generally are not considered to act under color of law, i.e., are not considered state actors."  *Id*. at 518.  "Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id*.

Chaney does not plausibly allege that TSSI is either a state actor or is involved in a conspiracy with a state actor.  Rather, Chaney alleges that TSSI is a "private corporation."  Chaney alleges that TSSI failed to deliver time records of its employee, thereby conspiring to deprive Chaney of "exculpable evidence extinguishing the criminal prosecution that was tainted by false testimony."  This bare allegation of conspiracy is insufficient to state a Section 1983 claim.  *See Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient.").  The district court did not err in dismissing Chaney's Section 1983 claim against TSSI.

Similarly, Chaney does not allege that Evangeline or its employees—Johnson and Brown—are state actors.  Chaney alleges that Johnson failed to deliver video recordings to law enforcement pursuant to a subpoena and that Brown made false allegations about a crime committed by Chaney.  Chaney alleges that Evangeline failed to deliver video recordings to law enforcement, conspiring to deprive Chaney of "exculpable evidence extinguishing the criminal prosecution that was tainted by false testimony."  Chaney has not

plausibly alleged a conspiracy with state actors by Johnson, Brown, or Evangeline. *See id.* The district court thus did not abuse its discretion in dismissing Chaney's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### b. *42 U.S.C. §§ 1985, 1986, and 1988*

Chaney asserts a claim against TSSI, Johnson, Brown, and Evangeline under 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994). "Additionally, the conspiracy must also have a racially based animus." *Id.* at 653. As discussed, Chaney's complaint does not plausibly allege a conspiracy, nor does the complaint contain sufficient facts to support a finding that any conspiracy had a racially based animus. The district court was thus correct in dismissing Chaney's Section 1985 claims against these defendants. Since "a valid § 1985 claim is a prerequisite to a § 1986 claim," *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000), and Chaney has not stated a valid Section 1985 claim, his Section 1986 claim was also properly dismissed. Section 1988 permits a "prevailing party" recovery of attorney's fees; since Chaney's §§ 1983, 1985, and 1986 claims have all been dismissed, he is not a "prevailing party" and his Section 1988 claim was properly dismissed.

### c. *18 U.S.C. §§ 241 and 242; 42 U.S.C. § 14141*

Chaney seeks declaratory judgment under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141. Sections 241 and 242 are criminal statutes that "do not provide for a private right of action." *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993). A claim under 42 U.S.C. § 14141 may only be brought by "the Attorney

General, for or in the name of the United States." 42 U.S.C. § 14141(b). Thus, these claims were properly dismissed against all defendants.

### d. *Louisiana Civil Code Articles 2315, 2316, and 2320*

Chaney also brings claims against TSSI, Johnson, Brown, and Evangeline under Louisiana Civil Code Articles 2315, 2316, and 2320. The supplemental jurisdiction statute permits a district court to decline supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Since the district court dismissed—and we affirm dismissal of—all federal claims against TSSI, Johnson, Brown, and Evangeline, the district court did not err by declining to exercise supplemental jurisdiction and dismissing Chaney's state law claims.

## II.    The District Court's Summary Judgment Rulings

The district court granted the defendants Caze, Albarez, Webb, and Ward summary judgment on all of Chaney's claims against them. "We review a grant of summary judgment de novo, applying the same standard as the district court." *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### a. *Chaney's Partial Motion for Summary Judgment*

Chaney appeals the district court's order granting the remaining defendants' motions for summary judgment and denying Chaney's partial motion for summary judgment. However, in his briefs, Chaney advances no argument why the district court erred in denying his partial motion for summary judgment. The appeal is therefore waived as to Chaney's motion. *United States v. Beaumont*, 972 F.2d 553 (5th Cir. 1992) ("Failure of an

appellant to properly argue or present issues in an appellate brief renders those issues abandoned.").

### b. *Defendants Caze, Albarez, and Webb*

Chaney appeals the grant of summary judgment in favor of Caze, Albarez, and Webb (the "Sheriff Defendants"). On appeal, with respect to the Sheriff Defendants, Chaney argues only that service of process was properly made on each defendant. The district court granted the Sheriff Defendants' motion for the reasons provided in the motion, not because of insufficient service of process, which the Sheriff Defendants do not assert. By briefing only proper service of process, Chaney fails to address why the district court erred in granting the Sheriff Defendants' motion for summary judgment. Chaney has abandoned any other arguments by failing to argue them in the body of his brief. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."). Accordingly, we affirm the district court's grant of summary judgment to the Sheriff Defendants.

### c. *Defendant Ward*

Similarly, with respect to District Attorney Ward, Chaney summarily argues on appeal only that proper service of process was made on Ward. Ward did not claim at the summary judgment stage that he was not properly served and the district court's grant of summary judgment did not rely on this argument. Chaney fails to address any reason why the district court erred in granting summary judgment to Ward. By not including any other arguments in his brief, Chaney has waived them. *Yohey*, 985 F.2d at 224-25. We affirm the district court's grant of summary judgment to Ward.

*d. The district court's sua sponte dismissal of Defendant Peter Cook*

In its March 26, 2014 ruling, the district court also dismissed defendant Peter Cook, finding that Chaney had not properly made service of process on Cook in almost three years since the inception of the lawsuit. Chaney attempted to effectuate service on Cook by serving *TSSI*'s agent for service of process, Clifton J. Redlich. In fact, on October 27, 2011, service was made at Redlich's address but to Sarah Ann Redlich. The district court denied Chaney's motion for default judgment as to Cook for improper service and Chaney never thereafter properly served Cook. On appeal, Cook argues that service on Redlich was proper because Cook was a TSSI employee at the time of the incident, June 15, 2010.

Chaney's arguments fail because service was not properly made on Cook. First, the record shows that Cook was not an employee of TSSI at the time service was attempted. Cook was terminated by TSSI on June 21, 2010, and then was employed again between October 26, 2010 and March 14, 2011. Second, even if Cook was a TSSI employee at the time of service, Redlich was TSSI's, not Cook's, agent for service of process. Chaney sued Cook in his individual capacity and a corporation's designated agent is not a proper agent for a corporation's employee who is sued in his individual capacity. *Cf. Walker v. Spatola*, 52 Fed. App'x 931, 931 (9th Cir. 2002). Casey has failed to properly serve Cook for over three years and has not shown "good cause for the failure." Fed. R. Civ. P. 4(m). The district court did not err in dismissing the action against Cook. *Id.*

*e. Dismissal of claims against Unknown Correctional Officer*

The district court dismissed claims against "1 Unknown Correctional Employee" because Chaney never attempted to serve this defendant in almost three years. On appeal, Chaney claims that he was unable to serve this

defendant because other defendants failed to identify the correctional officer who compelled Chaney to submit to DNA swabbing.  Chaney has failed to show "good cause" for his failure to serve "1 Unknown Correctional Employee" and the district court did not err in dismissing all claims against this defendant. Fed. R. Civ. P. 4(m).

## CONCLUSION

For the foregoing reasons, the district court is AFFIRMED.