NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL HARVEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-1394

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01477-JFM, Senior Judge James F. Merow.

---

Decided: April 6, 2017

---

DANIEL HARVEY, Las Vegas, NV, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Mr. Harvey appeals a final decision of the trial court dismissing his complaint on the grounds that he failed to demonstrate that the Court of Federal Claims has subject matter jurisdiction over his claims. Viewing the complaint under the generous pleading standards this court affords to *pro se* litigants, we conclude that the trial court has no jurisdiction over Mr. Harvey's claims. We therefore *affirm*.

## BACKGROUND

Mr. Harvey, proceeding *pro se*, filed a complaint at the Court of Federal Claims ("COFC") consisting of more than 600 pages of materials. He seems to allege that various events throughout his life, including service in the military, constitute violations of his constitutional rights and the prohibition against slavery. The COFC issued an order, *sua sponte* dismissing the complaint for lack of subject matter jurisdiction. Mr. Harvey appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Subject matter jurisdiction is a threshold issue that courts must address before they consider the merits of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). We review *de novo* a COFC decision to dismiss for lack of jurisdiction. *Banks v. United States*, 741 F.3d 1268, 1275 (Fed. Cir. 2014). As the COFC acknowledged, *pro se* filings are to be liberally construed, but that does not alleviate a plaintiff's burden to establish jurisdiction. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Pursuant to the Tucker Act, the COFC has limited jurisdiction to resolve certain claims against the United States that are "founded either upon the Constitution, or

any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Tucker Act does not create any substantive right of action against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). Plaintiffs must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The source of substantive law must mandate compensation by the federal government; it must be "money-mandating." *Testan,* 424 U.S. at 400.

It seems Mr. Harvey alleges that, at the hands of the United States government, he has suffered injuries in contravention of his rights provided by the Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. The COFC's limited jurisdiction does not extend to claims brought under the Thirteenth Amendment, or the Due Process clauses of the Fifth and Fourteenth Amendments, because they do not contain money-mandating provisions. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *Smith v. United States*, 36 F. App'x 444, 445 (Fed. Cir. 2002).

While the Fifth Amendment Takings Clause can serve as a substantive cause of action against the government, the COFC correctly dismissed in this case because the complaint fails to allege any "injury in fact," which is a prerequisite to establishing standing to bring a takings claim. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180−81 (2000).

We therefore *affirm*.

**AFFIRMED**