NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVON THOMAS HARRIS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-1233

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00658-EDK, Judge Elaine Kaplan.

---

Decided: May 5, 2017

---

DAVON THOMAS HARRIS, New York, NY, pro se.

COURTNEY D. ENLOW, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

PER CURIAM.

Davon Harris alleges that the government controls an implant in his body that transmits his thoughts nation-

wide. In June 2016, Mr. Harris sued the United States in the Court of Federal Claims, alleging numerous constitutional, statutory, regulatory, and contractual violations. The court dismissed most of Mr. Harris's claims for lack of subject-matter jurisdiction, under Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims, and his remaining claims for failure to state a claim, under Rule 12(b)(6). We affirm.

I

In June 2016, Mr. Harris filed a complaint in the Court of Federal Claims, alleging that he is a victim of illegal human experimentation. *See* Complaint, *Harris v. United States*, No. 1:16-cv-658-EDK (Fed. Cl. June 3, 2016), ECF No. 1. According to Mr. Harris, the government operates a device implanted in his body, which allows the government to transmit his thoughts nationwide for public entertainment. Mr. Harris alleges that he attempted to contact federal officials about the device but they refused to assist him. He also alleges that his mother entered into an agreement with the government permitting the experimentation on him.

After the government moved to dismiss, Mr. Harris amended his complaint to include additional causes of action. *See* Complaint, *Harris*, No. 1:16-cv-658-EDK (Fed. Cl. Aug. 13, 2016), ECF No. 13. Specifically, Mr. Harris asserted claims for (1) conspiracy to interfere with civil rights, in violation of 42 U.S.C. § 1985; (2) torture, in violation of 18 U.S.C. § 2340; (3) stalking, in violation of 18 U.S.C. § 2261A; (4) deprivation of rights under color of law, in violation of 18 U.S.C. § 242; (5) violation of the Fifth Amendment Due Process Clause; (6) denial of equal protection under the law, in violation of the Fourteenth Amendment; (7) slavery, in violation of the Thirteenth Amendment; (8) deprivation of juvenile rights, in violation of 42 U.S.C. § 14141; (9) taking of private property without just compensation, in violation of the Fifth Amend-

ment; (10) breach of express and implied contract; and (11) illegal human experimentation, in violation of 45 C.F.R. §§ 46.101(a), 46.116, and 46.117. *Id.* at 7–32. Mr. Harris requested money damages and multiple forms of equitable relief. *Id.* at 32–38.

In October 2016, the Court of Federal Claims dismissed the complaint. *See* Opinion & Order, *Harris*, No. 1:16-cv-658-EDK (Fed. Cl. Oct. 25, 2016), ECF No. 21. The court concluded that it did not have jurisdiction over most of Mr. Harris's constitutional, statutory, and regulatory claims because the relevant provisions did not provide for the payment of money for their violation. *Id.* at 4. The court also concluded that it did not have jurisdiction over various claims based on criminal statutes or civil-rights statutes. *Id.* In addition, the court concluded that it lacked jurisdiction over claims against non-federal defendants and claims sounding in tort. *Id.* at 3–4.

The court recognized that it had jurisdiction over takings and breach-of-contract claims under 28 U.S.C. § 1491(a), but it held that Mr. Harris had not stated a plausible takings or contract claim. With respect to Mr. Harris's takings claim, the court concluded that the Fifth Amendment's Takings Clause prohibits only the taking of private property for public use without just compensation and that private property "does not include a person's body or the use of a person's body." *Id.* at 5. The court held that Mr. Harris's allegation that the government had "taken his thoughts and transmitted them to others without his consent" did not plausibly allege that the government had taken any private property from him within the meaning of the Takings Clause. *Id.*

The court also concluded that Mr. Harris did not state a plausible claim for breach of contract because (1) he did not allege that he had entered into a contract with the government but instead contended that his mother had entered into such a contract; (2) he did not describe the

content of the contract adequately to permit the court to ascertain whether the contract conferred any contractual rights on him; and (3) he did not explain how the government had breached the contract or how he had been damaged by such a breach. *Id.* Rather, the court noted, Mr. Harris appeared to allege that he had been harmed by the *existence* of the contract, but that allegation, if anything, would give rise to a claim sounding in tort, which § 1491(a) excludes from the court's jurisdiction. *Id.*

Mr. Harris appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

Mr. Harris challenges the Court of Federal Claims' dismissal of his amended complaint. We review dismissal for lack of subject-matter jurisdiction or failure to state a claim without deference. *See Abbas v. United States*, 842 F.3d 1371, 1375 (Fed. Cir. 2016).

### A

The Tucker Act authorizes the Court of Federal Claims to decide "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, to invoke jurisdiction under the Tucker Act, a plaintiff must identify another source of law that defines the alleged wrong and mandates money damages for its violation. *Id.*

The Court of Federal Claims correctly concluded it lacked jurisdiction to decide the majority of Mr. Harris's claims because the relevant constitutional, statutory, and

regulatory provisions are not money mandating. With respect to Mr. Harris's constitutional claims, we have held that the Fifth Amendment Due Process Clause and the Fourteenth Amendment Due Process and Equal Protection Clauses do not mandate payment of money damages. *Le Blanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). We have also held, in several non-precedential opinions, that the Thirteenth Amendment is not money mandating. *See Harvey v. United States*, No. 2017-1394, 2017 WL 1279384, at *1 (Fed. Cir. Apr. 6, 2017) (per curiam); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (per curiam). We see no reason to reject that conclusion here.

For similar reasons, the court correctly concluded that did not have jurisdiction to decide the majority of Mr. Harris's statutory and regulatory claims. Mr. Harris's claims under 18 U.S.C. § 242, 18 U.S.C. § 2340, and 18 U.S.C. § 2261A rely on criminal statutes, none of which mandates money damages. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994); *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016) (per curiam). A private person has no claim under 42 U.S.C. § 14141. *See Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014). And a 42 U.S.C. § 1985 claim cannot be litigated in the Court of Federal Claims. *See May v. United States*, 534 F. App'x 930, 933–34 (Fed. Cir. 2013) (per curiam). We also see nothing in 45 C.F.R. § 46.101(a) or any other section in that chapter that would support jurisdiction. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Testan*, 424 U.S. at 400; *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

## B

The Court of Federal Claims correctly dismissed Mr. Harris's remaining claims for failure to state a claim. We review dismissal for failure to state a claim without deference, accepting as true all factual allegations plead-

ed.  *See Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016).  To withstand a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mr. Harris alleges that he is entitled to just compensation for the transmission of his thoughts for public entertainment.  But although the Supreme Court has held that certain kinds of information, such as trade secrets, constitute private property within the meaning of the Takings Clause, *see Ruckelshaus v. Monsanto*, 467 U.S. 986, 1000–04 (1984), Mr. Harris does not allege any facts from which we could infer that the transmitted information belongs to a recognized category of private property.  For example, Mr. Harris does not allege that the transmitted information derives independent economic value from not being generally known, *see* 18 U.S.C. § 1839(3)(B); Uniform Trade Secrets Act § 1(4)(i) (Nat'l Conference of Comm'rs on State Laws 1985), or affords him with an economic advantage over others, *see* Restatement (Third) of Unfair Competition § 39 (Am. Law Inst. 1995).  Nor does he describe any measures that he has taken to maintain the secrecy of that information.  *See* 18 U.S.C. § 1839(3)(A); Uniform Trade Secrets Act § 1(4)(ii).  We see nothing in the record that would support a conclusion about the "property" status of the allegedly taken thoughts.  We therefore agree with the court that Mr. Harris has not plausibly alleged a taking.

We also affirm the dismissal of Mr. Harris's breach-of-contract claim.  To state a claim for breach of contract, a plaintiff must allege facts that would support the existence of a contract between the plaintiff and the government, a duty arising out of that contract, a breach of that duty, and damages resulting from the breach.  *San Carlos Irrigation & Draining Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989).  The Court of Federal Claims court concluded that Mr. Harris did not plausibly allege

those elements.  He alleged that his mother, not he, had entered into a contract with the government.  He did not describe the contract in sufficient detail to indicate whether the contract conferred any contractual rights upon him.  And he did not identify any government breach or harm caused by such a breach.  We see no error in that analysis.

On appeal, Mr. Harris argues that he entered into an implied contract with the government.  Appellant's Br. 3.  Because Mr. Harris did not present that allegation to the Court of Federal Claims, however, he has forfeited the right to raise it at this time.  *Ladd v. United States*, 713 F.3d 648, 655 (Fed. Cir. 2013).  In any event, he has not plausibly alleged the existence of a valid implied contract or facts regarding the parties' conduct that would permit us to infer such a contract.  *See Hercules, Inc. v. United States*, 516 U.S. 417, 424–30 (1996).[1]

### III

For the forgoing reasons, we affirm the judgment of the Court of Federal Claims.

No costs.

### AFFIRMED

---

[1]   Because all claims were properly dismissed for lack of jurisdiction or failure to state a claim, we do not reach any issue about the availability of equitable remedies.