NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**WILLIAM F. KAETZ,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1812

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00201-MMS, Senior Judge Margaret M. Sweeney.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

William F. Kaetz moves for leave to proceed *in forma pauperis* ("IFP").  Having considered the complaint, the judgment of the United States Court of Federal Claims, and Mr. Kaetz's opening brief, we summarily affirm.

In 2020, following his arrest, Mr. Kaetz entered into a plea agreement with federal prosecutors that provided for

a term of imprisonment of sixteen months and a term of supervised release of three years, with the first six months to be served in home detention. That plea was later adopted as part of the judgment in his criminal case.

After his release from prison, Mr. Kaetz filed the present action, seeking damages and injunctive relief related to the time of his home detention, alleging that restriction was a breach of the plea agreement. The Court of Federal Claims granted Mr. Kaetz IFP status and dismissed the complaint for failing to assert any claims over which it possessed jurisdiction, concluding that the agreement "lacks any language obligating the United States to pay money damages to plaintiff in the event the United States breached its terms." *Kaetz v. United States*, No. 22-201C, slip op. at 5 (Fed. Cl. Mar. 8, 2022), ECF No. 7. On April 12, 2022, the Court of Federal Claims denied Mr. Kaetz's motion for reconsideration and certified under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith "because, as alleged, plaintiff's claims are clearly beyond the jurisdiction of this court." *Kaetz v. United States*, No. 22-201C, slip op. at 5 (Fed. Cl. Apr. 12, 2022), ECF No. 11. Mr. Kaetz nevertheless filed this notice of appeal.

Summary affirmance is appropriate when there is "no substantial question regarding the outcome" of the appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Tucker Act, 28 U.S.C. § 1491(a)(1), limits the jurisdiction of the Court of Federal Claims to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To invoke that court's jurisdiction, a plaintiff must identify a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citations and internal quotation marks omitted). The Court of Federal Claims held that Mr. Kaetz failed to identify such a source in his complaint. And Mr. Kaetz's opening brief raises no substantial challenge to that decision.

Here, the Court of Federal Claims was clearly correct that the plea agreement relied on by Mr. Kaetz could not serve as a basis to invoke the court's jurisdiction under the Tucker Act. Our precedent makes clear that the Court of Federal Claims may hear a claim for an "alleged breach of an agreement with a criminal defendant . . . only if the agreement clearly and unmistakably subjects the United States to monetary liability for any breach." *Sanders v. United States*, 252 F.3d 1329, 1331 (Fed. Cir. 2001). The Court of Federal Claims was clearly correct that this plea agreement lacked the necessary "unmistakable promise" required to subject the government to liability. *Id.* at 1336.

Nor does the Court of Federal Claims have jurisdiction to hear any alleged breach-of-contract claim based on an oath of office or obligation to uphold the Constitution. *See Taylor v. United States*, 747 F. App'x 863, 863–64 (Fed. Cir. 2019). Mr. Kaetz likewise cannot invoke the jurisdiction of the Court of Federal Claims by arguing that the government violated the Constitution as a social contract because that court does not have jurisdiction to consider contracts implied in law. *Hercules Inc. v. United States*, 516 U.S. 417, 423–24 (1996); *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1324–25 (Fed. Cir. 1997).

The Court of Federal Claims was also clearly correct that Mr. Kaetz could not sue in that court based on alleged violations of the Fourth Amendment, *Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997), the Due Process Clause of the Fifth Amendment, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013), the Eighth Amendment, *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007), the Thirteenth Amendment, *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017), or the Fourteenth Amendment to the Constitution, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Nothing in those provisions mandates compensation by the United States.

Mr. Kaetz's argument that the imposition of home detention is itself a violation of the Takings Clause of the Fifth Amendment is also without merit. The Fifth Amendment prohibits only "private property be[ing] taken for public use, without just compensation." U.S. CONST. amend. V. And the alleged unlawful seizure of convicted prisoners and their property are not the kinds of actions that are due compensation under the Fifth Amendment. *See Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010) (rejecting alleged unjust imprisonment as a possible violation of the Fifth Amendment Takings Clause).

Mr. Kaetz further alleges that his home detention amounts to false imprisonment and that he should be compensated for the resulting loss of income and negligent and intentional infliction of emotional distress. But these allegations are tort claims over which the Court of Federal Claims does not have jurisdiction to review. 28 U.S.C. § 1491(a)(1); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993). To the extent that Mr. Kaetz is challenging his sentence imposed in his criminal case in federal district court, the Court of Federal Claims likewise does not have jurisdiction over such collateral challenges. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015).

Finally, to the extent that Mr. Kaetz is now attempting to invoke the jurisdiction of the Court of Federal Claims for damages for unjust conviction and imprisonment under 28 U.S.C. § 1495, we also summarily reject that argument. Mr. Kaetz did not allege that his conviction was reversed or set aside, that he was found not guilty, or that he had been pardoned, as required under 28 U.S.C. § 2513(a)(1). Rather, he merely alleged that the time after his imprisonment during which he remains in home detention is contrary to his understanding of the plea agreement.

Accordingly,

IT IS ORDERED THAT:

(1) ECF No. 15 is accepted as Mr. Kaetz's opening brief.

(2) The judgment of the United States Court of Federal Claims dismissing the complaint is affirmed.

(3) Each side shall bear its own costs.

FOR THE COURT

October 26, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court