Opinion filed March 6, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00281-CV

_____

## MICHAEL ALLEN WELLS, Appellant

## V.

## ZACHARY RYAN SUMRULD; DIANNA CLAPP; CRAIG MENEAR; TED DECKER; RICHARD MCPHAIL; AND SHERRE MACLIN, Appellees

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 28772-B**

## M E M O R A N D U M   O P I N I O N

Appellant, Michael Allen Wells, appearing pro se, contests the trial court's order dismissing his petition pursuant to a Rule 91a motion to dismiss filed by Appellees Zachary Ryan Sumruld, Dianna Clapp, Craig Menear, Ted Decker,

Richard McPhail, and Sherre Maclin. *See* TEX. R. CIV. P. 91a. In four issues, Appellant questions the trial court's rulings by asking:

> 1. Is there a Trust between the Grantor/Settlor/Beneficiary, michael-allen;wells, along with all other Beneficiaries of the Nation of the Republic of Texas, and the current District courts, all court corporations and Trustees (judges) of the Nation of the Republic of Texas?

> 2. Did the offices holders, the Trustees (judges), take an Oath of Office to fulfill their fiduciary duties to Grantor/Settlor/Beneficiary, michael-allen:wells, and all other Beneficiaries of the Trust in the Nation of the Republic of Texas when they took their Oaths of Office?

> 3. Has Trustee Jeff Propst and other Trustees Judges, purposely and with intent, violated the constitution of the State of Texas and the LAW; by their action(s) creating multiple Breaches of Trust, not fulfilling their Oath of Offices and their fiduciary duties, and not following the instruction/orders from the Grantor/Settlor/Beneficiary, michael-allen:wells, for the benefit of all the Beneficiaries in the Nation of the Republic of Texas?

> 4. Has Taylor County, the Clerk of the court Trustee Tammy Robinson and Trustee Jeff Propst personally benefited by their actions (judgment) against the Beneficiaries of the Nation of the Republic of Texas?

We affirm.

*Factual and Procedural History*

Appellant's original petition alleged that Appellees, officers and employees of Home Depot violated his rights under a federal statute by requiring him to either show proof of a COVID-19 vaccination or undergo testing every seven days. *See* 18 U.S.C. § 242 (Deprivation of rights under color of law). Appellant disagreed with what he understood to be Home Depot's COVID-19 policy. Appellant stated in his petition that, in response to his employer's policy as explained to him by a superior, Appellee Sumruld, "[a]t that time [he]informed [Sumruld] under Title 18:242 that it states that whomever violates [his] rights can be executed under that law." He further admitted that "[he] informed [Sumruld that he would] do

2

anything it takes to protect [his] rights under the law." In Appellant's original petition, he complained that Appellees "terminated [him] for the cause [that Appellees] stated that [he] threatened them." Appellant sought "$44.15 billion" delivered in "one ounce silver 99.9% pure medallions as issued by The Republic of Texas."

Appellant referenced a "trust" embodied in the Declaration of Independence and cited to the Health Insurance Portability and Accountability Act (HIPAA), although it is not entirely clear what other causes of actions he intended to assert, if any, from those references. The case was removed to federal district court, but that court remanded the case back to the trial court. *See* 28 U.S.C. §§ 1446, 1447(c). In its order remanding the civil action, the federal district court discussed the "trust" argued as authority by Appellant "pursuant to the 'Declaration of Independence Special Private Trust of 1776,'" stating that "the trust is fictious" and that "any claimed relief from it is implausible and frivolous, and [Appellant's] arguments to the contrary are baseless."

Upon remand, Appellees filed a motion to dismiss arguing that Appellant's petition did not plead a discernable cause of action, leaving Appellees without fair notice of what Appellant's claims were and their basis in law and fact, other than 18 United States Code § 242 (a criminal statute relating to deprivation of rights under color of law), which does not create a private cause of action. The following month, Appellant filed various objections to Appellees' "Proposed Order," one of which purported to change "[t]he [t]itle of th[e] suit" to "Breach of Trust Due to Wrongful Termination" but did not provide any citations to or elements of either state or federal employment law or trust law. On November 13, 2023, Appellant filed a "Right to Amend Complaint for Wrongful Termination & Corporate Retaliation in Violation of The Texas Constitution Guaranteeing the Freedom of Worship," citing

Texas employment discrimination statutes.[1]  The trial court granted Appellees' motion to dismiss the same day.  This appeal followed.

*Standard of Review*

Rule 91a of the Texas Rules of Civil Procedure provides that a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1; *In re Estate of Sheshtawy*, 478 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."  TEX. R. CIV. P. 91a.1.  "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Seshtawy*, 478 S.W.3d at 86.

We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).  We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied.  *Id.*; *see also* TEX. R. CIV. P. 91a.6.  To determine whether the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleading.  *Wooley*, 447 S.W.3d at 76.  In doing so, we apply the fair-notice standard of pleading.  *Id.*  However, a threadbare recitation of the elements of a cause of action and mere conclusory statements will not suffice. *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 451 (Tex. App.—San Antonio 2016, pet. denied) (citing *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied)); *see also Tobias v. SLP Brownwood LLC*,

---

[1]Although this proceeding was initiated and finalized in the 104th District Court in Taylor County, Appellant's motion indicated it was filed in the "Court of our Creator in the Nation of Texas."

No. 11-19-00247-CV, 2021 WL 2584505, at *3 (Tex. App.—Eastland June 24, 2021, no pet.).

A Rule 91a motion to dismiss must identify each cause of action being challenged and must state specific reasons why the challenged causes of action have no basis in law or fact. TEX. R. CIV. P. 91a.2. To avoid a ruling on the motion, the nonmovant has the option to nonsuit or amend the challenged causes of action at least three days before the hearing. *Id.* R. 91a.5(a). If the nonmovant does not timely nonsuit or amend, however, the trial court must rule on the motion. *Id.* R. 91a.5(c).

*Applicable Law*

Federal law provides that:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242. However, Section 242 is a criminal statute that does not provide for a private right of action. *Chaney v. Races and Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (citing *Ali v. Shabazz,* 8 F.3d 22 (5th Cir. 1993)).

5

*Analysis*

We begin by noting that Appellant's brief does not appear to directly address the trial court's order dismissing his case or the application of Rule 91a. Rather, Appellant engages in diatribes regarding—what we agree with the federal district court are—fictitious trusts alleged to have been established by the Declaration of Independence the Texas Code of Judicial Conduct, or various oaths of office by judges and clerks, as is often common with sovereign citizens.[2] Neither Appellant, nor the strained legalese employed by Appellant are unfamiliar to this court. *See Wells v. Assemblers, Inc.*, No. 11-17-00243-CV, 2019 WL 238058 (Tex. App.—Eastland Jan. 17, 2019, no pet.) (mem. op.) (appeal filed by Michael Allen Wells, pro se, contesting dismissal of his suit under Rule 91a; using unmistakably similar

---

[2]"Sovereign citizen" is a colloquial term that refers to individuals who often believe they are not subject to various state or federal laws due to being sovereign from any government. *See United States v. Jones*, 65 F.4th 926, 928 (7th Cir. 2023); *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014); *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). ("[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."). A common theme amongst sovereign citizens is the conspiratorial belief that governments and their subdivisions are actually corporate entities and that certain interactions between the individual and the government establishes a contract or trust. Sovereign citizens have developed a reputation for filing false liens, unsupported lawsuits, and nonsensical pleadings based on these "contracts" or "trusts." *See, e.g.*, *In re Dominick*, No. 20-MC-80001-DMR, 2020 WL 1173505, at *3 n.7 (N.D. Cal. Feb. 20, 2020) ("A theory of some sovereign citizens is that a public trust is created by the filing of each individual's birth certificate: 'The federal government . . . has tricked the populace into becoming U.S. citizens by entering into "contracts" embodied in such documents as birth certificates and social security cards.'") (quoting *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007), *aff'd*, 282 F. Appx 260 (4th Cir. 2008)); *Lewis v. State*, 532 S.W.3d 423, 430–31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (discussing common trial strategies of "sovereign citizens")); *see also Jemerson v. State*, No. 02-23-00036-CR, 2023 WL 6889947, at *5 (Tex. App.—Fort Worth Oct. 19, 2023, pet. ref'd) (mem. op., not designated for publication) (appellant arguing that he was a "creditor" and a "trust of the state"); *MacDonald v. State*, No. 09-21-00390-CR, 2023 WL 6613349 at *3–4, *7, (Tex. App.—Beaumont Oct. 11, 2023, no pet.) (mem. op., not designated for publication) ("While the record reflects that MacDonald expressed beliefs that he was an 'American National,' a member of the 'American National Union,' claiming that the United States was not a country, that he was not subject to the laws."); *Ochoa v. State*, No. 07-16-00400-CR, 2018 WL 1278714, at *1–2 (Tex. App.—Amarillo Mar. 12, 2018, no pet.) (mem. op., not designated for publication) (at a pretrial hearing on the appellant's "Motion to Quash the Jurisdiction of the Court," the appellant identified himself as the "executor" and a "beneficiary," relied upon a "trust," and declared that the prosecutor was the "executor" and the trial court was the "trustee," and that both were "fiduciaries of the trust").

terminology and argument). Appellant's petition alleges no other authority and provides no relevant caselaw in support. However, amongst Appellant's meandering arguments is a claim that the trial court erred by not considering his "Right to Amend Complaint for Wrongful Termination & Corporate Retaliation in Violation of The Texas Constitution Guaranteeing the Freedom of Worship," which we construe as a challenge to the trial court's failure to recognize his amended pleading. Accordingly, we address this argument as written to the extent that we can follow it.

As noted, amended pleadings must be filed no later than three days before any hearing on a 91a motion. *See* TEX. R. CIV. P. 91a.5(a). Here, the trial court provided notice to the parties that it would consider Appellees' motion to dismiss on October 27, 2023, at 9:00 a.m. However, Appellant did not file his motion until November 13, 2023, the same day the trial court signed its order granting Appellees' motion. Accordingly, the trial court was precluded from considering Appellant's would-be amended petition. *See id.* R. 91a.5(c); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."); *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied) ("[W]e hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.").[3]

---

[3]In his brief, Appellant cites *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), other federal cases, and the Federal Rules of Civil Procedure for the proposition that pro se litigants should be held to less stringent standards than licensed attorneys. However, Appellant's citations relate to a federal court's obligation to liberally construe a pro se litigant's complaint and not dismiss such a complaint for failure to state a claim unless the litigant can prove no set of facts in support of his claim that would entitle him to relief. *See Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *5 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (noting that *Estelle* did not preclude the appellate court from finding appellant's argument waived for failing to comply with Rule 38.1 of the Texas Rules of Appellate Procedure).

Conceivably, Appellant intended to amend his petition to a wrongful termination suit with his October 4, 2023 "Objection to Proposed Order." However, Appellant did not provide any references to either state or federal employment law or present any elements of any cause of action. *See Vasquez*, 492 S.W.3d at 451 (noting that threadbare assertions of elements are not sufficient); *see also Wells*, 2019 WL 238058, at *2 (noting that appellant failed to plead even a threadbare assertion of elements). Accordingly, the trial court did not err by ruling on the merits of Appellees' motion to dismiss. *See* TEX. R. CIV. P. 91a.5(a), (c).

We next address the merits of Appellees' motion to dismiss. In their motion, Appellees argued that Appellant's pleaded cause of action was based on federal criminal law, which, as we have said, does not create a private cause of action. *See Chaney*, 590 F. App'x at 330. We agree that Appellant was not entitled to any relief whatsoever on his pleaded cause of action, without regard to his factual allegations. *See id.*; *Brunson v. Woolsey*, 63 S.W.3d 583, 587 (Tex. App.—Fort Worth 2001, no pet.) ("Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate."). Accordingly, the trial court properly dismissed Appellant's suit. *See* TEX. R. CIV. P. 91a.1; *Sanchez*, 494 S.W.3d at 724. Appellant's issue as to the trial court's failure to consider his amended pleadings is overruled and, to the extent necessary, Appellant's challenge to the trial court's order dismissing his suit is overruled.

Because Appellant's remaining "issues" as presented in his brief do not challenge the trial court's ruling and do not affect the final disposition of this appeal, but instead allege various breaches of pretextual trusts[4] that do not properly serve

---

[4]For example, Appellant attaches an "Addendum" to his reply brief, which includes a letter signed by Appellant and purportedly sent to "General Smith" at Camp Pendleton in California. It begins: "I write you this letter to inform you of the many Judges in our courts that are committing treason against the Beneficiaries, 'We the People' of the Trust." He references "the original Declaration Of Independence

as the basis for suit against Appellees, we decline to address them. *See* TEX. R. APP. P. 47.1, 47.4 (directing that memorandum opinions should be no longer than necessary to advise the parties of the court's decision and the basic reasons for it).

*This Court's Ruling*

We affirm the order of the trial court.


W. BRUCE WILLIAMS
JUSTICE


March 6, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

Trust for the people, the Beneficiaries of that Trust." He ends his letter stating that, "[w]hat we do today will preserve their inheritance of our land that was given to us by the Creator to bring forth his kingdom, and not be for unrighteous and immoral men to rule over and use ruthlessly in their courts of lawlessness. Enclosed you will find more evidence of their atrocities committed against the Beneficiaries, 'We the People.'"