NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER J. POLINSKI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1249

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00783-EMR, Judge Eleni M. Roumel.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Peter J. Polinski appeals from the judgment of the United States Court of Federal Claims dismissing his claims.  In response to this court's show cause order, the United States urges the court to summarily affirm the decision or dismiss the appeal as frivolous.  Mr. Polinski urges this court to proceed to briefing on his appeal.

Mr. Polinski's complaint asserts that he mailed a certified check for $36,000,000 to the New York State Treasurer. Alleging that the United States Treasury somehow unlawfully failed to redeem the financial instrument, the complaint claims an unlawful taking of property, violations of various statutes, and violations of the Due Process Clause as well as the First, Fourth, Ninth, and Thirteenth Amendments. He further raised claims of misappropriation, negligence, and embezzlement. The Court of Federal Claims dismissed for lack of jurisdiction, failure to state a claim, and frivolousness. Mr. Polinski now appeals.

Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims may decide only claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government" and "not sounding in tort." *United States v. Navajo Nation,* 556 U.S. 287, 290 (2009). Mr. Polinski's tort claims and constitutional allegations, aside from the alleged unlawful taking, are clearly outside the Tucker Act.[1] And to the extent his claims invoke a money-mandating source of law, the trial court found that Mr. Polinski's claims were implausible and frivolous on their face, and we see no basis for disturbing those findings. Because the merits are so clear "that no substantial question regarding the outcome of the appeal exists,"

---

[1]    *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (Due Process Clause); *Patterson v. United States*, 218 F. App'x 987, 988 (Fed. Cir. 2007) (Ninth Amendment); *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (Thirteenth Amendment).

POLINSKI v. US                                                                                    3

we grant summary affirmance.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1)  Mr. Polinski's motion for an extension of time to file his response is granted to the extent that ECF No. 8 pages 4–10 are accepted as his response to the show cause order.

(2)  The judgment of the United States Court of Federal Claims is summarily affirmed.

(3)  All other pending motions are denied.

(4)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 19, 2026
      Date